Ivory **SHIRE**, Plaintiff,

v.

**Dr. ALVES, et al., Defendants.**

**No. 96–CV–6275 CJS.**

United States District Court,
W.D. New York.

May 7, 1998.

Ivory Shire, Stormville, NY, pro se.

Paul O. Harrison, Assistant NYS Attorney General, Rochester, NY, for Defendants.

DECISION AND ORDER

SIRAGUSA, District Judge.

This is an action in which the plaintiff, currently a prisoner at Green Haven Correctional Facility, is suing various prison medical personnel at Southport Correctional Facility for violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Now before the Court are two motions by the plaintiff seeking the appointment of counsel. For the reasons that follow, these motions are denied.

**BACKGROUND**

The plaintiff alleges that he suffers from a chronic skin allergy, and that while he was incarcerated at Southport Correctional Facility, the defendants failed to provide him with the proper medical care. It appears that the plaintiff was receiving medication for this allergy, but he believes that it was not the correct medication. Thereafter, he alleges that a nurse stopped providing him with any medication. He states that "they are failing to provide me with sufficient care, causing me to suffer." However, in response to one of the plaintiff's grievances, the grievance committee (I.G.R.C.) stated that the plaintiff had refused to accept his medication on three separate occasions. The plaintiff admitted that he had refused his medication on one occasion because he believed it was not the correct medication.

By Order dated August 7, 1996, the plaintiff was granted leave to proceed in forma pauperis. The Honorable Michael A. Telesca, United States District Court Judge, denied the plaintiff's first application for appointment of counsel by Order dated April 11, 1997. On March 26, 1998 and April 16, 1998, respectively, the plaintiff again moved for appointment of counsel. As evidence of his recent attempts to retain counsel, the

plaintiff has submitted letters from six legal service providers who have declined to represent him.

## ANALYSIS

Pursuant to 28 U.S.C. § 1915(e), the Court may appoint counsel to represent an indigent party. However, the decision whether or not to assign counsel is within the Court's discretion. *In re Martin–Trigona*, 737 F.2d 1254, 1260 (2d Cir.1984). The factors which the Court must consider in deciding whether or not to appoint counsel are as follows:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts regarding his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the indigent is able to present his case;

5. Whether the legal issues involved are complex; and

6. Whether there are any special reasons why appointment of counsel would be more likely than not to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.1997).

Applying these principles to the instant case, the Court finds that appointment of counsel is not warranted. First, and most importantly, the plaintiff's claim does not seem likely to be of substance. In *Ross v. Kelly*, 784 F.Supp. 35, 43 (W.D.N.Y.1992), *affirmed* 970 F.2d 896 (2d Cir.1992), *cert. denied* 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992), the court held:

To establish an Eighth Amendment violation based on the alleged inadequacy of prison medical treatment or the withholding of essential health care, plaintiff must prove that the defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." Recently, the Supreme Court held that the deliberate indifference standard includes both an objective and a subjective component. As to the former—the objective component, a court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the latter, a court must consider whether the deprivation was brought about by the defendants in wanton disregard of those rights. To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. (Citations omitted).

The court went on to state that:

A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind" or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Id.* at 44 (Citations omitted).

The deliberate indifference standard has an objective prong and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). This standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Id.* Second, the charged official must act with a sufficiently culpable state of mind, i.e. more than negligence but less than conduct undertaken for the very purpose of causing harm. *Id.* A prison official acts with deliberate indifference where he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The plaintiff claims that his allergic skin condition is very painful. However, even assuming, for the sake of argument, that the plaintiff's medical condition is sufficiently

serious, it does not appear that the plaintiff has made any showing that the defendants acted with deliberate indifference. The complaint states, at most, negligence in failing to treat his allergy. It is undisputed that the defendants prescribed various medications to treat his allergic condition. The plaintiff's claim is essentially not that he was denied medical treatment, but that the medical staff failed to properly treat him, despite attempts to do so. *Cf. Hathaway* 37 F.3d at 66 (Wherein the Second Circuit held that a two-year delay in arranging hip surgery, after plaintiff inmate complained forty-nine times, and where doctor did not inform plaintiff that he had two broken pins in his hip, could constitute "deliberate indifference"). Since the complaint does not allege evil intent or a wanton disregard for the plaintiff's nights, it is unlikely that the plaintiff can prevail in proving an Eighth Amendment violation. Accordingly, even accepting the plaintiff's version of the facts, the Court does not believe that the plaintiff is likely to prevail.

Inasmuch as the plaintiff has failed to establish that his case is "likely to be of substance," a threshold requirement, the Court does not need to consider additional factors. *Hendricks,* 114 F.3d at 392. However, the Court does note that the legal issues involved here are not complex, that the plaintiff appears able to fully investigate his claim through interrogatories and document discovery,[1] and that he appears able to present his own case.

## CONCLUSION

Accordingly, the plaintiff's motions for appointment of counsel [# 24][# 25] are denied.

So ordered.

---

1. Regarding his ability to investigate this claim, the Court notes that the plaintiff has served several sets of interrogatories on the defendants, has scheduled a deposition, and has filed a motion to compel discovery.